# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DONALD THOMAS,

    *Petitioner*,

vs.

ISDRIO BACA, *et al.*,

    *Respondents*.

3:14-cv-00114-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases. The filing fee has been paid. Following review, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

### *Background*

The papers on file and the online docket records of the state courts reflect the following.

Petitioner Donald Thomas was convicted, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with the use of a deadly weapon, conspiracy to commit grand larceny auto, and grand larceny auto.

On direct appeal, the Supreme Court of Nevada affirmed in a February 4, 2009, order of affirmance, in No. 51873 in that court. The ninety-day time period for seeking *certiorari* review in the United States Supreme Court expired on May 5, 2009.

After 141 days had passed, on September 24, 2009, petitioner filed a state post-conviction petition. Proceedings on the petition ultimately concluded on December 12, 2012, with the issuance of the remittitur after the state supreme court affirmed the denial of relief in No. 59780 in that court.

On or about February 24, 2014, petitioner mailed the federal petition to the Clerk of this Court for filing.

### *Discussion*

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review."

In the present case, the limitation period therefore began running after the time expired for seeking *certiorari* review, *i.e.*, after May 5, 2009.

Under 28 U.S.C. § 2244(d)(2), the federal limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. Petitioner's state petition therefore tolled the running of the federal limitation period from September 24, 2009, through December 12, 2012.

A total of 141 days elapsed before the September 24, 2009, filing of the state petition, leaving 224 days remaining in the one-year limitation period after the December 12, 2012, remittitur. Accordingly, absent other tolling or delayed accrual, the federal limitation period expired on July 24, 2013.

The February 24, 2014, federal petition was constructively filed seven months after the federal limitation period had expired, absent other tolling or delayed accrual.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

Moreover, if petitioner seeks to avoid application of the time-bar based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish his innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*).

IT THEREFORE IS ORDERED that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel.[1]

IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with

---

[1] The Court does not find that the interests of justice require the appointment of counsel prior to a response to the show-cause order. The motion will remain under submission pending further review. The Court further does not suggest that the pleadings are free of deficiencies. The Court defers consideration of any deficiencies in the pleadings until after considering in the first instance whether the action is untimely.

prejudice as time-barred. If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely, the action will be dismissed with prejudice.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED: June 3, 2014.

_____
ROBERT C. JONES
United States District Judge